**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Joshua R.,** | |
| **Plaintiff,** | **1:24-cv-07898 (SDA)** |
| **-against-** | **OPINION AND ORDER** |
| **Commissioner of Social Security,** | |
| **Defendant.** | |

**STEWART D. AARON, United States Magistrate Judge:**

*Pro se* plaintiff Joshua R. ("Plaintiff" or "JR") brings this action against the Commissioner of Social Security ("Defendant" or "Commissioner") for review of the denial of his request for a new social security number ("SSN"). (Compl., ECF No. 1, at PDF p. 2 (stating that he "[f]iled for new SSN" but was "denied").)[1] Pending before the Court are the parties' cross-motions for summary judgment. (Pl.'s 2/4/25 Not. of Mot., ECF No. 16; Def.'s 5/27/25 Not. of Mot., ECF No. 28.) For the reasons set forth below, Plaintiff's motion is DENIED and Defendant's motion is GRANTED.

**FACTUAL BACKGROUND**

Pursuant to policy of the Social Security Administration ("SSA"), victims of harassment, abuse or life endangerment ("HALE") may apply for a new SSN. *See* Soc. Sec. Admin., Pub. No. 05-10093, *New Numbers for Domestic Violence Victims* (2017), https://www.ssa.gov/pubs/EN-05-

---

[1] In filing his Complaint, Plaintiff used a form provided by the United States District Court, Southern District of New York Pro Se Office entitled "Complaint for Judicial Review of a Final Decision of the Commissioner of Social Security" (*see* Compl.), which is intended for use by *pro se* plaintiffs seeking judicial review of the denial of disability benefits. However, as set forth in the Factual Background section, *infra*, Plaintiff's claim does not appear to concern a denial of disability benefits, but only relates to a denial of a request of a new SSN.

10093.pdf [https://perma.cc/MRS8-C82V] (last visited May 20, 2026). Applicants must apply in person at an SSA office and present, among other things, evidence documenting HALE. (*See id*.)

On May 22, 2024, JR visited an SSA office in New York City and requested a new SSN based upon HALE. (*See* Colon 5/23/25 Decl., ECF No. 32, ¶ 3; SSA 5/22/24 Rpt. of Contact, Ex. F to Colon 5/23/25 Decl., ECF No. 32 at PDF p. 3.) During this visit, JR reported that a former partner had been physically abusing him since 2018. (*See id*.) JR "furnished [the SSA with] a 795 statement, police reports, order of protection, and medical records documenting the incidents/injury" and "submitted proof of hotel stays for one year documenting his endangerment." (*Id.*) The SSA Report of Contact concludes that, "based on the documents received, evidence establishes harassment and abuse by ex-partner." (*Id.*) Also on May 22, 2024, the SSA sent a letter to JR stating that he had applied for a new social security card that day and that he should receive it within two weeks.[2] (SSA 5/22/24 Ltr., ECF No. 34, at PDF p. 5.)

Notwithstanding the foregoing, on June 5, 2024, the SSA informed JR via a form letter issued from an SSA branch in Maryland that JR's request for a new SSN was denied, purportedly "because the documentation [he] provided does not support the allegations of harassment, abuse and/or life endangerment." (SSA 6/5/24 Ltr., Ex. B. to Colon 5/23/25 Decl., ECF No. 32 at PDF p. 4.) The letter also stated:

> **If You Disagree with The Decision**
> This decision is not subject to appeal. However, if you obtain new or additional evidence to support your request for a new SSN, you can ask us to review your case. Someone who did not look at your first application will review it. Please call or visit your local Social Security office to ask for a review.

(*Id*.)

---

[2] The May 22, 2024 letter contains a file stamp bearing the date May 22, 2023, which was a clerical error; the stamp should have reflected May 22, 2024. (Colon 6/26/25 Decl., ECF No. 36, ¶ 6.)

On October 10, 2024, JR filed his Complaint in this action seeking a new SSN. (*See* Compl.) On October 18, 2024, the U.S. Attorney's Office for the Southern District of New York ("USAO") entered an appearance on behalf of the Commissioner in this action. (10/18/24 Not. of Appearance, ECF No. 5.) On December 17, 2024, the USAO requested an extension of time to respond to the Complaint stating that "[t]his case is a non-disability case" and that additional time was needed "to confer with the [SSA] about the non-disability decision [JR] has challenged and about the facts of this case." (Def.'s 12/17/24 Ltr., ECF No. 12, at 1.) The request was granted and the time to respond was extended to January 24, 2025. (12/17/24 Order, ECF No. 13.)

On or about January 14, 2025, Zaida Pimentel ("Pimentel"), a Manhattan Social Security Card Center ("MSSCC") employee, contacted JR to schedule an interview with him to take place on February 4, 2025, at 1:30 p.m. (*See* Colon 5/23/25 Decl. ¶ 5; Pimentel 1/14/25 Email, Ex. C to Colon 5/23/25 Decl., ECF No. 32 at PDF p. 5.) JR was advised he should request Pimentel, or a supervisor, upon arrival. (*See id*.) According to Pimentel, JR was "fully aware of all that is needed and that [the SSA] will be starting the process all over due to the lapse of time from [his] previous application." (*See* Pimentel 1/14/25 Email.)

On January 21, 2025, the USAO filed a letter with the Court, stating in part:

> *Pro se* Plaintiff's district court appeal appears to be based on the agency's denial of his application for a new Social Security number. . . . Plaintiff has an appointment at the [MSSCC] on February 4, 2025, for further development of his application. If the agency grants Plaintiff's application and issues a new Social Security number, further litigation may not be necessary.

(Def.'s 1/21/25 Ltr., ECF No. 14, at 1.) Accordingly, the Commissioner requested an additional extension of time to respond to the Complaint. (*See id*.) The Court granted the request, making the response due on March 25, 2025. (1/22/25 Order, ECF No. 15.)

3

On February 4, 2025, JR filed his motion for summary judgment now before the Court, referring to his February 4, 2025 appointment with the SSA. (*See* Pl.'s 2/4/25 Not. of Mot. at 1 ("After filing [this action,] they scheduled my request again for today which admits guilt. I[']m on my way there now."); *see also* Pl.'s 2/4/25 Decl., ECF No. 17, at 1 (Plaintiff stating he was filing "motion for summary judgment because they are requesting me to come in for the formal appointment that I never had.").)

On February 4, 2025, JR appeared for his appointment at MSSCC and was assisted by an MSSCC employee named Jacy Fong. (Colon 5/23/25 Decl. ¶ 6.) JR did not bring in any supporting evidence for his new SSN request, however, and "subsequently left." (*Id*.) Pimentel was not made aware of JR's appearance at his MSSCC appointment because JR failed to request Pimentel. (*Id.*)

In a form letter dated February 10, 2025, the SSA mistakenly stated that JR had missed his February 4, 2025 appointment and requested that he call to schedule a new appointment, including a list of documents JR would need to bring with him in order to proceed with a new SSN request. (*See* Colon 5/23/25 Decl. ¶ 7; SSA 2/10/25 Ltr., Ex. F to Colon 5/23/25 Decl., ECF No. 32 at PDF p. 8.)

On March 31, 2025, Plaintiff went to the MSSCC, without an appointment, and was seen by Pimentel. (Colon 5/23/25 Decl. ¶ 8.) Pimentel explained to JR the types of documents necessary to support a request for a new SSN and told JR he "could come back later the same day if he wanted to process his request." (*Id*.) Plaintiff did not return. (*Id.*)

On April 22, 2025, the USAO filed a letter with the Court stating, in part:

Since Your Honor's March 19, 2025 Order, the undersigned has been speaking with the *pro se* Plaintiff regularly in an attempt to bring this matter to a mutually agreeable resolution. As a result of these efforts, Plaintiff has agreed to speak with

4

an agency representative who will explain the process to Plaintiff and Plaintiff can then make a new application.

(Def.'s 4/22/25 Ltr., ECF No. 23, at 1.) Accordingly, the Commissioner requested an additional extension of time to respond to the Complaint. (*See id*.) The Court granted the request, making the response due May 26, 2025. (4/22/25 Order, ECF No. 25.)

On April 30, 2025, Pimentel contacted JR and scheduled a new appointment for May 5, 2025. (*See* Colon 5/23/25 Decl. ¶ 9.) However, JR did not appear for the appointment. (*See id*.) Pimentel made several attempts to contact JR after he missed his appointment but was not able to reach him. (*See id*.)

On May 27, 2025, the USAO filed on behalf of the Commissioner the motion for summary judgment that now is before the Court. (*See* Def.'s 5/27/25 Not. of Mot.) On June 4, 2025, JR filed an Affirmation in opposition. (Pl.'s 6/4/25 Decl., ECF No. 34, at PDF p. 2.)

## LEGAL STANDARDS

### I.     Summary Judgment

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). A dispute concerning material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. (quoting *Anderson*, 477 U.S. at 248). "In resolving cross-motions for summary judgment, 'each party's motion must

be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.'" *Automated Irrigation Controls, LLC v. Watt Stopper, Inc.*, 407 F. Supp. 3d 274, 281 (S.D.N.Y. 2019) (quoting *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

II.    ***Pro Se* Plaintiffs**

Courts are required to give *pro se* plaintiffs "special solicitude before granting motions to dismiss or motions for summary judgment." *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). Filings from such plaintiffs, therefore, are read to "raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). "A *pro se* plaintiff, however, cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor." *Belpasso v. Port Auth. of New York & New Jersey*, 400 F. App'x 600, 601 (2d Cir. 2010) (citing *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996)).

**DISCUSSION**

In his Complaint, Plaintiff purports to bring a claim under Section 205(g) of the Social Security Act (the "Act"),[3] which is contained in Subchapter II of the Act, entitled "Federal Old-Age, Survivors, and Disability Insurance Benefits." 42 U.S.C. §§ 401-34. Plaintiff alleges in the Complaint that he received an unfavorable decision from an Administrative Law Judge ("ALJ") on an application for benefits on May 19, 2024; that he requested a review by the Appeals Council

---

[3] Section 205(g) provides for judicial review of "any final decision of the Commissioner of Social Security, made after a hearing to which [any individual] was a party, irrespective of the amount in controversy[.]" 42 U.S.C. § 405(g).

6

on May 19, 2024; and that he received a letter from the Appeals Council on June 19, 2024. (*See* Compl. ¶¶ 6-8.)

The undisputed record evidence, however, shows that "[t]here is no record of an ALJ issuing a decision dated on or around May 19, 2024 on an application for benefits filed by [JR]"; "[t]here is no record of [JR] requesting review of an ALJ decision dated on or around May 19, 2024 by the Appeals Council"; and "[t]here is no record of the Appeals Council issuing a letter on or around June 19, 2024 to [JR]." (Cowell Decl., ECF No. 31, ¶¶ 3(a)-(d).) Rather, the undisputed record evidence shows that JR had applied for a new SSN (not disability benefits), that his application was denied and that he never took steps to reapply for a new SSN, despite having been given the opportunity to do so. (Colon Decl. ¶¶ 3-9.)

Because, contrary to the Complaint allegations, Plaintiff never made a claim for benefits and therefore never received an unfavorable decision by the Commissioner on such a claim, there is no basis for judicial review under Section 205 of the Act, as sought by Plaintiff in the Complaint. (*See* Compl. ¶ 1.). Accordingly, Plaintiff's Complaint must be dismissed.

Even assuming, *arguendo*, that there somehow was a basis for judicial review, Plaintiff's Complaint still would be subject to dismissal. Section 205(h) of the Act provides, in relevant part, that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing" and that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). As a result, the only way in which a federal court can exercise subject-matter jurisdiction over an appeal of a claim under the Act is if the plaintiff has satisfied

the conditions of Section 205(g), *i.e.*, he has obtained a final decision from the Commissioner after a hearing. *See* 42 U.S.C. § 405(g) (requiring "final decision of the Commissioner of Social Security"). In *Smith v. Berryhill*, 587 U.S. 471 (2019), the Supreme Court "note[d] that the phrase 'final decision' clearly denotes some kind of terminal event," *id*. at 479; one "leaving no further chance for action, discussion, or change[.]" *Id*. at 479 n.8 (quoting Webster's New World College Dictionary 542 (5th ed. 2016)).

In the present case, Plaintiff did not receive a final decision on his application for a new SSN. The June 5, 2024 letter denying Plaintiff's application for a new SSN stated: "This decision is not subject to appeal. However, if you obtain new or additional evidence to support your request for a new SSN, you can ask us to review your case. Someone who did not look at your first application will review it." (*See* Ex. B to Colon Decl., ECF No. 32 at PDF p. 4.) There is no evidence that Plaintiff ever requested review of the initial denial in June 2024. Rather, the record reflects that, after the initial denial, Plaintiff failed to appear at the SSA office with the required documentation. Thus, there has been no final decision. In these circumstances, it would be inappropriate for the Court to consider the merits of Plaintiff's request for a new SSN. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (noting that "insofar as [Section 205(h) of the Act] demands the 'channeling' of virtually all legal attacks through the agency, it assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case").

**CONCLUSION**

By reason of the foregoing, Plaintiff's motion for summary judgment (ECF No. 16) is

DENIED and the Commissioner's motion for summary judgment (ECF No. 28) is GRANTED. The

Clerk of Court is respectfully requested to close this case.[4]

Dated:       New York, New York
             May 20, 2026

_____
STEWART D. AARON
United States Magistrate Judge

---

[4] Nothing contained in this Opinion and Order shall preclude Plaintiff from reapplying for a new SSN based upon HALE.

9